UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON LOMBOY,<br>            Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>            Defendants. | Case No. 25-cv-05167-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 14, 27 |

Pending before the Court is Plaintiff Ron Lomboy's motion to remand, briefing for which is complete. Dkt. Nos. 27 ("Mot."), 28 ("Opp."), 30 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to remand. Dkt. No. 27. Accordingly, Defendants Wells Fargo Bank, N.A., and Stephen Hitchcock's motion to dismiss is **TERMINATED AS MOOT**. Dkt. No. 14.

**I. BACKGROUND**

Plaintiff worked at Wells Fargo from 2007 until he was terminated in January 2024. *See* Dkt. No. 1-3 ("Compl.") ¶¶ 7, 44. Plaintiff alleges that Stephen Hitchcock was the top decision-maker in his termination and falsely accused him of fraud relating to an incident where Plaintiff helped an allegedly emancipated minor open a bank account. *Id.* ¶¶ 34, 46–47. Plaintiff also alleges that he was forced to disclose these false accusations during subsequent job interviews. *Id.* ¶ 48. Plaintiff claims this behavior was done with oppression, fraud, and/or malice. *Id.* ¶¶ 52–55. Plaintiff also claims that Defendants' investigation into the incident with the minor was a pretext for Defendants to terminate Plaintiff because of his disabilities. *Id.* ¶ 37.

In June 2024, Plaintiff filed a lawsuit in Contra Costa County alleging various disability

1    discrimination and retaliation claims against Wells Fargo, which Wells Fargo subsequently
2    removed to the Northern District of California.  *See* Notice of Removal, *Lomboy v. Wells Fargo,*
3    *N.A., et al.*, 24-CV-4168-HSG (N.D. Cal. July 11, 2024).  In March 2025, Plaintiff asked Wells
4    Fargo to agree to allow Plaintiff to file an amended complaint adding a defamation claim, as the
5    Court's January 2025 deadline for amending pleadings had passed.  Opp. at 11.  Wells Fargo
6    declined.  *Id.*  Plaintiff then filed this lawsuit in Contra Costa County alleging a single cause of
7    action for defamation.  Compl. ¶ 59.  Defendants removed.  Dkt. No. 1.  Defendants filed a motion
8    to dismiss, Dkt. No. 14, and Plaintiff filed a motion to remand, Dkt. No. 27.

## II.   LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C § 1441; *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction.").  Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states.  28 U.S.C. § 1332(a).  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).  On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing federal jurisdiction.  *See id.* at 566–67.

## III.   DISCUSSION

It is undisputed that Plaintiff Lomboy and Defendant Hitchcock are both citizens of California.  Section 1332, which enables federal courts to exercise jurisdiction over suits "between . . . citizens of different States," only applies when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  At issue here, then, is whether Defendant Hitchcock was fraudulently joined, such that his citizenship does

1 not destroy the parties' diversity.

## A. Legal Standard for Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 549 (quotation omitted). Fraudulent joinder is established on that ground if the individuals "joined in the action cannot be liable on any theory." *Id.* at 548 (quotation omitted). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (quotation omitted). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [Plaintiff] has failed to state a claim against [Defendant Hitchcock]." *Hunter*, 582 F.3d at 1046.

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on [its] claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. By contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046). There is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden," *Hunter*, 582 F.3d at 1046, particularly since "[f]raudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Finally, it is important to note that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550.

1    Instead, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured

2    by granting the plaintiff leave to amend." *Id.* "If the plaintiff could cure this deficiency by

3    amending his or her complaint, then fraudulent joinder does not obtain." *Browand v. Ericsson

4    Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).

      **B.**    **Defendants Fail to Establish Fraudulent Joinder**

            **i.**    **Publication to a Third Party**

7    Defendants first argue that Plaintiff fails to sufficiently plead publication to a third party,

8    which is necessary to state a claim for defamation under California law. Opp. at 13–14. But the

9    Court's fraudulent joinder analysis does not ask whether Plaintiff will succeed on the merits of his

10   claim or whether he would survive a motion to dismiss under Federal Rule of Civil Procedure

11   12(b)(6). Instead, the Court simply must determine whether there is any possibility that Plaintiff

12   can state a claim. Plaintiff alleges that Wells Fargo and Mr. Hitchcock published defamatory

13   statements accusing Plaintiff of committing fraud to third parties, including to other employees.

14   *See* Compl. ¶¶ 47, 59–61. While Plaintiff has not pled his defamation claim in great detail, he has

15   pled sufficient facts to raise at least a possibility that he will be able to state a claim to the

16   satisfaction of the state court. *See Kirk v. Gen. Ins. Co. of Am.*, No. 23-CV-05506-HSG, 2024 WL

17   2304566, at *3 (N.D. Cal. May 20, 2024) (noting that a party "is fraudulently joined for purposes

18   of diversity jurisdiction only if Plaintiff's claims against her are 'wholly insubstantial and

19   frivolous,' such that there is no possibility that Plaintiff could prevail") (quotation omitted).

20   Even assuming, without deciding, that Plaintiff fails to state a claim against Mr. Hitchcock,

21   it does not follow that it would be *impossible* for Plaintiff to adequately plead a defamation claim

22   if given leave to amend. "Substantial case law supports the proposition that if a plaintiff could

23   amend a complaint to cure any deficiencies, the removing party's high burden of proving

24   fraudulent joinder is not met." *Brown v. Beazley USA Servs., Inc.*, No. 24-CV-09035-SI, 2025

25   WL 436716, at *4 (N.D. Cal. Feb. 7, 2025). Here, Defendants have not established that Plaintiff's

26   pleading deficiencies cannot "possibly be cured by granting the plaintiff leave to amend."

27   *Grancare*, 889 F.3d at 550. Defendants assert that Plaintiff "provides no evidence to support his

28   defamation claim" and does not cite any facts learned in the other *Lomboy* case. Opp. at 13–14.

4

1   But Plaintiff could presumably amend his complaint to include more specific details—such as
2   facts learned in the related depositions—that more fully identify what third parties Defendant
3   Hitchcock allegedly published the false statements to.[1]  *See Chemla v. FedEx Corp. Servs., Inc.*,
4   No. 20-CV-06581-RS, 2021 WL 4497862, at *2 (N.D. Cal. Mar. 29, 2021) (granting remand
5   because defendant had not shown that it would be impossible to amend allegations about
6   publication to a third party).  Defendants also argue that Mr. Hitchcock testified in the related
7   *Lomboy* case that he did not discuss Plaintiff's termination outside of one meeting.  This is a
8   disputable fact that could go to the eventual merits of the case, not a showing that Plaintiff could
9   not possibly state a claim on amendment.  *See Grancare*, 889 F.3d at 551 (noting that "a denial,
10  even a sworn denial, of allegations does not prove their falsity").

### ii.  Common Interest Privilege

Defendants next argue that Plaintiff's defamation claim fails as a matter of law because employers and employees cannot be held liable for statements regarding workplace conduct, performance, and discipline under the common interest privilege.  Opp. at 15–16 (citing Cal. Civ. Code § 47(c)).  But, as Defendants acknowledge, the common interest privilege does not apply when statements were made with malice.  *See King v. U.S. Bank Nat'l Assoc.*, 53 Cal. App. 5th 675, 701 (2020); Cal. Civ. Code § 47(c).  As before, the Court cannot say that it is impossible for Plaintiff to adequately plead actual malice.  Plaintiff argues that Mr. Hitchcock fabricated a false fraud claim after Plaintiff took disability leave and was motivated by ill will towards Plaintiff's disabilities and his protected leaves.  Mot. at 17.  Even if Plaintiff has not adequately alleged these claims in his current complaint, there is at least a possibility that he could do so in an amended complaint.[2]  *See Chemla*, 2021 WL 4497862, at 3 (explaining that defendant "fails to show an amended complaint could not sufficiently allege [actual malice]" where plaintiff argued in the

---

[1] Because Plaintiff could amend his pleadings as described, the Court does not consider whether he could amend his pleadings to adequately state a claim for his alternative theory that he was defamed because he was forced to tell potential employers about these false accusations.  *See* Opp. at 14 (discussing this theory).

[2] Defendants claim that "[e]ven if [Plaintiff] had alleged actual malice . . . he has not introduced any evidence—aside from his counsel's conclusory declaration—that Mr. Hitchcock acted with malice."  Opp. at 16.  This is not the standard.

motion for remand that defendant's behavior was "motivated by ill will . . . because [plaintiff] was taking leave").

Since Defendants here have not carried their "heavy burden" of establishing that Plaintiff cannot possibly state a claim against Mr. Hitchcock for defamation, his joinder is not fraudulent as a matter of law. *Grancare*, 889 F.3d at 548.[3]  Because there is not complete diversity of citizenship, the Court lacks subject-matter jurisdiction and **GRANTS** the motion to remand. Dkt. No. 27.

## IV.  CONCLUSION

The Court **GRANTS** Plaintiff's motion to remand, Dkt. No. 27, and **REMANDS** the case to the Superior Court of Contra Costa County.  Defendants' motion to dismiss, Dkt. No. 14, is **TERMINATED AS MOOT**.  The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated:  10/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Defendants observe that "Plaintiff made several questionable decisions which suggest that he added Mr. Hitchcock as a sham defendant," including (1) Plaintiff's choice not to join the employee relations consultant who told Plaintiff's supervisor that he was being terminated for fraud (and who would not have destroyed diversity); and (2) Plaintiff's failure to cite the deposition testimony that allegedly prompted Mr. Hitchcock's inclusion in this suit. Opp. at 16–17.  These observations do not change the fact that Defendants have not met their burden for showing fraudulent joinder.

6